NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YASIN VILLAFANA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH J. MORGAN, et al.,<br><br>    Defendants. | No. 22cv4454 (EP) (JBC)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Yasin Villafana, a pretrial detainee in Essex County Correctional Facility ("ECCF"), New Jersey, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 against Defendants Officer Joseph J. Morgan ("Officer Morgan"), Lieutenant Bell, Sergeant Cooper, Sergeant Matos, Sergeant Smith, Officer Ferrell, Officer Quinones, Inmate Advocate Kerry McCann ("Advocate McCann"), an unidentified Hearing Officer, and John and Jane Does 1-19. D.E. 1 ("Compl." or "Complaint"). Because Plaintiff has been granted *in forma pauperis* ("IFP") status, D.E. 21, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court will **PROCEED** the unreasonable force and related state law claims against Officer Morgan; the due process claim against the Hearing Officer; the failure to intervene claim against Lieutenant Bell and Sergeant Cooper; and the conspiracy claim against

Sergeant Matos, Officer Ferrell, and Officer Quinones.[1]  The Court will **DISMISS** *without prejudice* Sergeant Smith and Kerry McCann from this matter.

I.     BACKGROUND[2]

Plaintiff states he was held in ECCF Cell 16 on May 10, 2022 with about 20 other detainees. Compl. at 14.  Officer Morgan approached Cell 16 with a nurse, and Plaintiff asked Officer Morgan about "the health conditions and the hazard [the detainees were] being held under . . . ." *Id.* at 14-15.  Plaintiff told Officer Morgan that he could be sued, and Officer Morgan responded "'n****r shut up.'" *Id.* at 15.  Officer Morgan then grabbed Plaintiff by the front of the shirt and "call[ed] a code" against Plaintiff.  *Id.*  Officer Land[3] handcuffed Plaintiff.  *Id.*

Officer Morgan "push[ed] other officers out of the way to take control of" Plaintiff and took Plaintiff down the hall with an unidentified officer.  *Id.*  Officer Morgan then put Plaintiff into a "rear choke hold" until Plaintiff could not breathe and stomped on Plaintiff's left calf.  *Id.*  The two officers took Plaintiff, who was still handcuffed, to an area of ECCF "where the court videos are watched." *Id.*  Officer Morgan pinned Plaintiff to the wall and put his arm against Plaintiff's throat.  *Id.*  Plaintiff states that unidentified officers tried to stop Officer Morgan, but Officer Morgan told them "to get back." *Id.*  Officer Morgan kept his arm against Plaintiff's throat until Sergeant Cooper arrived and stopped Officer Morgan.  *Id.*

Plaintiff received disciplinary charges on or about May 13, 2022.  *Id.* at 12.  Plaintiff either did not receive a hearing or the hearing was conducted in his absence by the Hearing Officer, and

---

[1] The Court's preliminary screening does not determine whether the Complaint's allegations would survive a properly supported motion to dismiss. *See Richardson v. Cascade Skating Rink*, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) (internal quotation marks omitted) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.").
[2] This section derives from the allegations pled in Plaintiff's Complaint.
[3] Not named as a party to the Complaint.

2

Sergeant Smith threatened to confine Plaintiff indefinitely when Plaintiff notified him. *Id.* at 12, 10  On May 15, 2022, Plaintiff's family reached out to Internal Affairs and gave Sergeant Matos two letters Plaintiff had written about the incident. *Id.* at 12, 14. Plaintiff alleges that Sergeant Matos, Officer Ferrell, and Officer Quinones conspired to harass him and set Plaintiff up on false disciplinary charges. *Id.* at 12-13. Plaintiff claims Officer Ferrell told him that he "had it coming for filing an [Internal Affairs] investigation against" Officer Morgan. *Id.* at 8.

Plaintiff filed this Complaint seeking damages for his injuries and a review of ECCF's policies. *Id.* at 16-17. He also asks for Officer Morgan and Sergeant Matos to be fired. *Id.*

## II.     LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding IFP for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## III.    ANALYSIS

### A.    Plaintiff Has Alleged an Unreasonable Force Claim Against Officer Morgan

Plaintiff alleges Officer Morgan attacked him on May 10, 2022. *See* Compl. at 4, 14-15. Claims of excessive force at the time an individual is a pretrial detainee are evaluated under the Fourteenth Amendment's Due Process Clause. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Plaintiff alleges that Officer Morgan put him in a choke hold and stomped on his calf for no reason. Compl. at 14-15. If Plaintiff's allegations are true, Officer Morgan used objectively unreasonable force against him. Therefore, Plaintiff has stated an unreasonable force claim against Officer Morgan, and the Court will allow this claim, as well as any related state law claims, to **PROCEED**. 28 U.S.C. § 1367(a).

### B.    Plaintiff Has Alleged a Due Process Claim Against the Hearing Officer

Plaintiff alleges an unidentified Hearing Officer violated his due process rights during the disciplinary hearing. Compl. at 10. "Generally, prisons may sanction a pretrial detainee for misconduct that he commits while awaiting trial, as long as it is not a punishment for the

4

'underlying crime of which he stands accused.'" *Kanu v. Lindsey*, 739 F. App'x 111, 116 (3d Cir. 2018) (quoting *Rapier v. Harris*, 172 F.3d 999, 1003-06 (7th Cir. 1999)); *see also Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979). Pretrial detainees have "the right to receive written notice of the charges at least 24 hours before the hearing, the opportunity to present witnesses and documentary evidence, and a written statement of the reasons for the disciplinary action taken and the supporting evidence." *Kanu*, 739 F. App'x at 116 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974)). Detainees may be placed in prehearing disciplinary lockup so long as they are "afforded a hearing within a reasonable time after placement . . . ." *Layton v. Beyer*, 953 F.2d 839, 850 (3d Cir. 1992).

Plaintiff alleges the Hearing Officer conducted the hearing in Plaintiff's absence. Compl. at 10. Plaintiff adds that he was not able to present witnesses, cross-examine anyone, and was not given a written decision. *Id.* If true, these actions may have violated Plaintiff's due process rights. *See Wolff*, 418 U.S. at 563-66. The Court will permit this claim to **PROCEED** against the Hearing Officer.[4]

C.  **Plaintiff Has Alleged a Failure to Intervene Claims Against Lieutenant Bell and Sergeant Cooper**

Plaintiff alleges Lieutenant Bell and Sergeant Cooper "allowed" Plaintiff to be brought up on false disciplinary charges. Compl. at 12. He states Lieutenant Bell and Sergeant Cooper took statements from other detainees and a nurse that showed Officer Morgan was lying. *Id.*

"A defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown

---

[4] Plaintiff must identify the Hearing Officer by name before the U.S. Marshals can serve him/her with the Complaint. *See* N.J. Ct. R. 4:26-4 (permitting naming fictitious defendants as parties to a complaint and later substituting true names).

through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* For a failure to intervene claim, Plaintiff must allege facts that indicate his "(1) [] underlying constitutional rights were violated; (2) the officer had a duty to intervene; and (3) the officer must have had a realistic and reasonable opportunity to intervene.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 419 (E.D. Pa. 2019) (internal quotation marks omitted); *see also Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 204 (3d Cir. 2011).

Accepting the facts alleged in the Complaint as true and giving Plaintiff the benefit of all reasonable inferences, Lieutenant Bell and Sergeant Cooper knew that Officer Morgan assaulted Plaintiff but allowed Plaintiff to be brought up on disciplinary charges. Therefore, Plaintiff has adequately stated a claim that Lieutenant Bell and Sergeant Cooper acquiesced in the due process violations against Plaintiff. The Court will allow this claim to **PROCEED**.

D.  **Plaintiff Has Alleged a Conspiracy Claim Against Sergeant Matos, Officer Ferrell, and Officer Quinones**

Plaintiff alleges Sergeant Matos, Officer Ferrell, and Officer Quinones conspired to file false disciplinary charges against him. Compl. at 6, 8-9. To state a conspiracy claim pursuant to Section 1983, a plaintiff must sufficiently allege:

> (1) two or more persons conspire[d] to deprive any person of the equal protection of the law; (2) one or more of the conspirators perform[ed] or cause[d] to be performed any overt act in furtherance of the conspiracy; and (3) that overt act injure[d] the plaintiff in his person or property or deprive[d] the plaintiff of any right or privilege of a citizen of the United States.

*Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018).

Plaintiff alleges Sergeant Matos, Officer Ferrell, and Officer Quinones worked together to file a false disciplinary report charging Plaintiff with threatening to spit on Officer Quinones.

6

Compl. at 6, 8-9. Plaintiff provides Officer Ferrell told him that he "had it coming for filing an [Internal Affairs] investigation against" Officer Morgan. *Id.* at 8. These facts sufficiently allege a conspiracy claim against Sergeant Matos, Officer Ferrell, and Officer Quinones. The Court will allow this claim to **PROCEED**.

E.  **Plaintiff Has Not Stated Claims Against Sergeant Smith Nor Advocate McCann**

The Court will dismiss Sergeant Smith and Advocate McCann from the matter, as Plaintiff has not alleged facts that would support a reasonable inference that either Defendant violated Plaintiff's constitutional rights.

Plaintiff merely alleges he spoke with Sergeant Smith on May 13, 2022 "once the 72hr period was up for (or to have) a hearing" to ask why he was still in detention. *Id.* at 7. Sergeant Smith responded that Plaintiff would be let out the next day. *Id.* However, Sergeant Smith later told Plaintiff that the Hearing Officer had sanctioned Plaintiff with 5 days. *Id.* Plaintiff "then ask[ed] to speak to a Lieutenant and [Sergeant Smith] told me he was both the Sergeant, and Lieutenant . . . was threatened by [Sergeant Smith] to be held . . . indefinitely." *Id.* The Court cannot ascertain a cognizable cause of action from these limited facts. Plaintiff does not allege Sergeant Smith was responsible for Plaintiff not attending his disciplinary hearing nor does he allege that Sergeant Smith kept Plaintiff in detention longer than necessary. The Court will dismiss Sergeant Smith from this matter without prejudice. Plaintiff may move to amend his Complaint pursuant to Federal Rule of Civil Procedure 15 to reassert this claim by alleging appropriate facts.

Plaintiff also has not stated a claim against Advocate McCann. Plaintiff alleges Advocate McCann did not believe Plaintiff's allegations against Officer Morgan and said Officer Morgan "'was a sweetheart and would never do that.'" *Id.* at 11. This does not state a claim against Advocate McCann.

The Court will **DISMISS** Sergeant Smith and Advocate McCann from the matter *without prejudice* for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).

IV.  **CONCLUSION**

For the reasons stated above, the Court will **PROCEED** the unreasonable force and related state law claims against Officer Morgan; the due process claim against the Hearing Officer; the failure to intervene claim against Lieutenant Bell and Sergeant Cooper; and the conspiracy claim against Sergeant Matos, Officer Ferrell, and Officer Quinones.  The Court will **DISMISS** Sergeant Smith and Advocate McCann from this matter *without prejudice*.

An appropriate Order accompanies this Opinion.

 3/8/2024
Date

Evelyn Padin, U.S.D.J.

8